IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANNY KEITH GRIFFITH, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00563 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE HENRY VANOVER, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Danny Keith Griffith, an inmate proceeding *pro se*, filed this civil action against a state court judge. After reviewing the complaint, I conclude that this lawsuit must be summarily dismissed as frivolous.

Griffith is serving time due to a conviction related to a "domestic dispute" with his wife. Griffith alleges that defendant Judge Vanover said that "people like [Griffith] shouldn't be allowed to be married" and that Judge Vanover violated his right to "freedom of religion" when he "denied all communication between [Griffith] and his wife." Griffith believes that he "should have been given the right to communicate with his wife to mend the relationship instead of being forced to give up so eas[i]ly."

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[1] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356.

Griffith's claims in this lawsuit are clearly baseless, and, therefore, I will summarily dismiss the action under § 1915A(b)(1) as frivolous.

ENTER: This 5th day of January, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted). Neither exception applies here.